DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |  |
| v. | ) ) | Criminal Action No. 2014-007 |
| CHRISTOPHER BARRY MITCHELL, | ) ) ) |  |
| Defendant. | ) ) |  |

**Attorneys:**
**Everard E. Potter, Esq.,**
St. Thomas, U.S.V.I.
**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Pamela L. Colon, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Finch, Senior District Judge**

THIS MATTER comes before the Court on Defendant Christopher Barry Mitchell's Motion to Dismiss Indictment (Dkt. No. 31) and the Government's Opposition (Dkt. No. 41). For the following reasons, the Court will deny Defendant's Motion.

### DISCUSSION

The United States initiated this action by filing a Sealed Indictment against Defendant Christopher Barry Mitchell on February 18, 2014, which charged him with violating Title 18 U.S.C. § 2250(a), for failure to register as a sex offender. (Dkt. No. 1). Specifically, the United States charged that:

> Between on or about June 5, 2008, and on or about February 18, 2014, at St. Croix, in the District of the Virgin Islands, the defendant, Christopher Barry Mitchell, a person required to register under the Sex Offender Registration and Notification Act by reason of a conviction under the Uniform Code of Military Justice, did knowingly fail to register and to update a registration as required by the Sex Offender Registration and Notification Act.

(Dkt. No. 1).

Defendant presents two arguments for dismissal of the Indictment. Defendant's first argument is that "the Indictment does not allege a crime because it fails to charge all elements of the offense." (Dkt. No. 31 at 1). Defendant's second argument is that "the crime has been charged as a continuing crime when it is not." (*Id.*). The Court will discuss each argument in turn.

A.  **Elements of the Offense**

Defendant contends that traveling through interstate commerce is a required element of 18 U.S.C. § 2250(a) and that, because the United States failed to allege in the Indictment that Defendant traveled through interstate commerce, the Indictment must be dismissed. Defendant is incorrect in his assertion that interstate travel is a required element for the charged crime.

The Sex Offender Registration and Notification Act, (SORNA), Title I of the Adam Walsh Child Protection and Safety Act of 2006, (the Walsh Act), Pub. L. 109-248, 120 Stat. 587 (2006), created a national system for registration of sex offenders. To implement this system, SORNA requires every sex offender to register and keep the registration current in each jurisdiction in which he lives, works, or is a student. *See* 42 U.S.C. § 16913(a).

Section 2250(a) provides:

Whoever

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform

>Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
>(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
>(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
>shall be fined under this title or imprisoned not more than 10 years, or both.

28 U.S.C. § 2250(a).

The clear language of the statute demonstrates that travel in interstate commerce is not a required element, but rather is one of two possible scenarios that give rise to punishment under the statute. Indeed, in *United States v. Carr*, the Supreme Court noted:

>Section 2250 imposes criminal liability on two categories of persons who fail to adhere to SORNA's registration requirements: any person who is a sex offender "by reason of a conviction under Federal law . . . , the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States," § 2250(a)(2)(A), and any other person required to register under SORNA who "travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country," § 2250(a)(2)(B).

560 U.S. 438, 451 (2010). The *Carr* Court further noted that "[f]or persons convicted of sex offenses under federal law or Indian tribal law, interstate travel is not a prerequisite to § 2250 liability." *Id.* at 446 n.3 (citing 18 U.S.C. § 2250(a)(2)(A)).

In the Indictment, the United States alleges that Defendant is "a person required to register under the Sex Offender Registration and Notification Act by reason of a conviction under the Uniform Code of Military Justice." (Dkt. No. 1). Because Section 2250(a)(2)(A) lists a conviction as a sex offender under the Uniform Code of Military Justice as grounds for imposing a penalty if an individual knowingly fails to register as required by SORNA, the United States has charged Defendant with the necessary elements of a crime under Section 2250(a)(2)(A).

3

Accordingly, because the United States charged Defendant with the necessary elements of the crime, the Court will not dismiss the Indictment on these grounds.

**B.     Continuing Offense**

Defendant further argues that failing to register in violation of SORNA is not a continuing offense and that, because the United States charges that Defendant failed to register "[b]etween on or about June 5, 2008, and on or about February 18, 2014," he has been "substantially denie[d] . . . his due process rights under the Fifth Amendment as he cannot prepare his defense against these charges if he is not given a specific date for the alleged commission of this crime or crimes." (Dkt. No. 32 at 5).

Defendant relies on this Court's decision in *United States v. Gillette*, where the Court held that "failure to register is not a continuing offense for *ex post facto* purposes." 553 F. Supp. 2d 524, 532 n.2 (D.V.I. 2008). In *Gillette*, the defendant was convicted as a sex offender in New Mexico and then traveled to St. Croix in 2004, prior to the enactment of SORNA in 2006, and failed to register. *Id.* at 529. The Court found that punishing the defendant for failing to register after traveling interstate prior to SORNA's enactment violated the *ex post facto* clause of the Constitution. *Id.* However, the Court noted that its "determination that failure to register is not a continuing offense for *ex post facto* purposes does not mean that prosecution of a sex offender would be precluded, who, after SORNA, travels interstate and fails to register, and whose crime remains undetected until after the running of the applicable statute of limitations." *Id.* at 532 n.2.

Similarly, in the circumstances here, where Defendant allegedly violated Section 2250(a)(2)(A) by virtue of his conviction under the Uniform Code of Military Justice and his alleged knowing failure to register as required by SORNA, Defendant could be brought up on charges at any time his failure to register was detected. This is so because failing to register as

4

required by SORNA, outside of the *ex post facto* context, is a continuing offense. *Accord United States v. Clements*, 655 F.3d 1028, 1029 (9th Cir. 2011); *United States v. Pietrantonio*, 637 F.3d 865, 870 (8th Cir. 2011); *United States v. Dixon*, 551 F.3d 578, 582 (7th Cir. 2008), overruled on other grounds; *United States v. Hinckley*, 550 F.3d 926, 936 (10th Cir. 2008).

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Indictment (Dkt. No. 31) is **DENIED.**

**SO ORDERED.**

Date:  April 4, 2014                             _____/s/_____
                                                 RAYMOND L. FINCH
                                                 Senior District Judge